# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **REUBEN S. CURB,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 7:06-CV-2301-RDP** |
| } | |
| **HSBC MORTGAGE COMPANY, et. al,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

Before the court is Defendant HSBC's ("HSBC") Motion to Compel Arbitration (Doc. # 78), which was filed on March 4, 2008. Plaintiff filed an opposition to the motion (Doc. # 82) on March 10, 2008. When HSBC filed its reply brief (Doc. # 83) on March 13, 2008, the matter was under submission to this court. For the reasons stated herein, the court finds that HSBC's motion is due to be granted.

The issue before the court is narrow. The parties agree that Plaintiff signed an arbitration agreement that applies to this dispute. Thus, the only question for the court to resolve is whether HSBC has waived its right to compel arbitration.

The Eleventh Circuit has set forth a two-part test to determine when a party has waived its right to compel arbitration: "[f]irst, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" *IVAX Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). The United States Supreme Court has made clear that

"questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

**I.      Relevant Facts**

On October 31, 2006, Plaintiff filed this action against HSBC and several other Defendants, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and state laws. (Doc. # 1). HSBC answered on December 4, 2006, asserting the affirmative defense of arbitration. (Doc. # 19 at 6). Thereafter, HSBC participated in a parties' planning meeting. (Doc. # 32).[1] HSBC also made initial disclosures to Plaintiff and participated in the negotiation of a protective order with Plaintiff and other Defendants. It also answered Plaintiff's First and Second Amended Complaints, and again in each instance asserted the affirmative defense of arbitration. (Docs. # 59, 60). HSBC responded to Plaintiff's discovery requests but gave only "negotiated responses," not "final responses." (Doc. # 82, Exhibit "E").

In September 2007, all of the parties began contemplating dates for Plaintiff's deposition. Plaintiff's deposition was rescheduled several times at the requests of Defendants, and Plaintiff has not yet been deposed. Likewise, HSBC's representative has not yet appeared at a deposition, although Plaintiff noticed the deposition for March 3-4, 2008. On February 1, 2008, HSBC objected to the deposition notice. On February 23, 2008, Plaintiff filed a motion to compel the deposition of HSBC's representative. (Doc. # 73). After a telephone conference on February 27, 2008, the court

---

[1]Although Defendant Capital One included language in the parties' report that "[t]he parties agree that by participating in the parties' planning meeting as required under the Federal Rules of Civil Procedure Capital One has not invoked the litigation process and has not waived its right to seek to compel to arbitration plaintiff's claims in this matter," none of the other Defendants requested language that would protect explicitly their right to compel arbitration. (Doc. # 32 at 2).

denied the motion without prejudice and ordered the parties to attempt to resolve HSBC's objections. (Doc. # 74).

Thereafter, on February 29, 2008, HSBC notified Plaintiff that it had located the arbitration agreement signed by Plaintiff and that it intended to move to compel arbitration. (Doc. # 82, Exhibit "I"). The court held another telephone conference on March 3, 2008,[2] and HSBC filed its motion to compel on March 4, 2008.

## II.     Discussion

As discussed above, the Eleventh Circuit employs a two-part test to determine whether a party has waived its right to compel arbitration. *IVAX*, 286 F.3d at 1315-16. The court will discuss each prong of the test in turn.

    a.     <u>Actions Inconsistent With Arbitration Right</u>

The first area this court must examine is whether HSBC's actions in this case are inconsistent with its right to compel arbitration. In his brief opposing HSBC's motion, Plaintiff places great weight on his argument that HSBC's actions evince an intent to utilize litigation rather than seek the protection of arbitration. Indeed, Plaintiff's principal argument is that HSBC knew about the arbitration agreement from the inception of this case but strategically chose, as a litigation tactic, not to pursue arbitration. HSBC counters that it did not actually locate the arbitration agreement until late February 2008 and thereafter immediately moved to compel arbitration as soon as it had the agreement in hand. Furthermore, HSBC urges that its actions in this case are more appropriately

---

[2]During the March 3, 2008 phone conference, the parties agreed that "no actions taken by Defendant HSBC on or after February 29, 2008 with respect to attempts to resolve the parties' discovery dispute will operate as a waiver of Defendant HSBC's rights under any arbitration agreement it may have with Plaintiff." (Doc. # 80).

viewed as protective compliance with the Federal Rules of Civil Procedure rather than the active invocation of litigation required for the first prong of the waiver test.

The court agrees with HSBC's characterization of its actions. The question of whether a party has acted inconsistently with its right to compel arbitration is necessarily a question of degree. *See S & H Contractors*, 906 F.2d at 1514 ("A party has waived its right to arbitration if, '*under the totality of the circumstances*, the . . . party has acted inconsistently with the arbitration right'") (quoting *National Found. for Cancer Research v. A.G. Edwards & Sons*, 821 F.2d 772, 774 (D.C. Cir. 1987) (emphasis added). The test for waiver is not whether a party has taken *any one action* inconsistent with its right to arbitration but rather whether the party has acted inconsistently with its right *on the whole*. Other district courts in this Circuit have found that the right to arbitration was not waived even though the parties had engaged in limited litigation before demanding arbitration. *See, e.g., Marubeni Corp. v. Mobile Bay Wood Chip Center*, 2003 WL 22466215, *16-17 (S.D. Ala. June 16, 2003) (finding no waiver where litigation spread over most of a year and where the party moving to compel litigated for almost a year and included the affirmative defense of arbitration in its answer); *Goff Group Inc. v. Greenwich Ins. Co.*, 231 F.Supp. 2d 1147, 1154 (M.D. Ala. 2002) (finding no waiver where party moving to compel arbitration removed case to federal court and filed pretrial motions). A "party arguing waiver of arbitration bears a heavy burden of proof," and this lack of evidence is insufficient to satisfy the first prong of the waiver test. *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982) (*abrogated on other grounds by Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1983)).

In this case, the court finds that HSBC's actions in litigation are not inconsistent with its right to arbitration. Although Plaintiff has argued that HSBC knew about the arbitration agreement but

delayed producing it and/or moving to compel arbitration in order to gain some kind of strategic advantage, there is no evidence to support that assertion. There is no evidence that HSBC intentionally delayed filing its current motion, nor is there any other evidence to support the conclusion that HSBC has chosen litigation over arbitration.

Indeed, the only evidence before the court on this issue shows that HSBC began searching for the arbitration agreement upon commencement of litigation and only discovered it in February 2008. (Doc. # 82, Exhibit "I"). In a February 29, 2008 email from HSBC counsel to Plaintiff's counsel, HSBC explained why it took so long to locate the arbitration agreement:

> I've been advised that the account agreement your client accepted and agreed to when he opened this Mastercard contained an arbitration provision. Finding that out was a bit of a herculean feat, since he is only one out of hundreds of thousands of HSBC MasterCard customers, and since the agreement was accepted by him almost 7 years ago. Thus, I am filing a motion this afternoon seeking relief from the Court's order on the grounds that before we litigate–affirmatively–discovery issues, that we be permitted to file and be heard on a motion to compel arbitration. If we lose, then we'll comply and make a stand on those objections we feel meritorious (which I've already told you will be a much smaller list than the original, blanket objections). Our position, therefore, is that we <u>will</u> give you the deposition and documents that we agree, or which is ruled to be, non-objectionable and discoverable, but in an arbitration forum rather than in this court proceeding.

(Doc. # 82, Exhibit "I" at 1).

Even if it could be shown that HSBC had the arbitration agreement in hand months ago (which again is contrary to the undisputed evidence of record), the mere passage of time is not enough to show waiver. *See Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543-44 (11th Cir. 1990) (finding waiver where the defendant waited twenty months to compel arbitration *and* engaged in substantial discovery). It is not the elapsed time that is directly relevant to whether waiver has

occurred but rather what has happened during that time.³ Here, HSBC's participation in the parties' planning meeting, negotiations over a protective order, and other limited discovery matters are not enough to show waiver.⁴ A party to a lawsuit can litigate to "ensure [it] would be able to effectively vindicate [its] statutory rights and general federal policies, whether in court or in . . . arbitration" without waiving its right to compel arbitration. *Gipson v. Cross Country Bank*, 354 F.Supp. 2d 1278, 1282 (M.D. Ala. 2005).

To accept Plaintiff's position would force litigants into an unfair dilemma: either (1) move to compel on the slim hope that a court will enforce an arbitration agreement without actually having the agreement in hand or (2) be prepared to waive its right to arbitrate altogether. *See Benoay v. Prudential-Bache Securities, Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986) (stating that "[a] court may

---

³Another indicator that, in this Circuit, bare delay does not constitute waiver is that the Eleventh Circuit has never established a bright-line test for what length of delay is sufficient. If the passage of time alone were sufficient to show waiver, there would be no reason to address the more complex issue of prejudice. The Eleventh Circuit's opinion in *Stone* is instructive on this point because the court had the opportunity to pronounce that a twenty-month delay was sufficient to establish waiver as a matter of law, but the court elected to analyze the prejudice prong of the test notwithstanding the length of the delay. 898 F.2d at 1543-44. The court emphasized that the plaintiff's legal position was prejudiced by the extensive discovery that took place before the defendant demanded arbitration. *Id.* at 1544.

The case before this court is distinguishable from *Stone* in two significant ways. First, HSBC has not delayed as long as the twenty-month delay in *Stone*. Second, more importantly, Plaintiff and HSBC have not engaged in extensive discovery. As a result, even assuming that *Stone* could be read to say that delay alone is sufficient to satisfy the first prong of the waiver test (and the weight of the caselaw suggests that it cannot), the court makes clear that the prejudice element must still be overcome with additional evidence separate and apart from mere delay.

⁴Although Plaintiff's brief emphasizes that HSBC "had the intention of proceeding in litigation not arbitration," (Doc. # 82, 7), this focus on intent is misplaced (or at least not directly relevant) for two reasons: (1) the subjective intent to litigate is not determinative of the issue of waiver – rather the key question is whether, based on the totality of the circumstances, a party has *acted* inconsistently with the right to arbitrate; and (2) in any event, there is simply no evidence here that HSBC subjectively *intended* to litigate rather than arbitrate.

not order arbitration unless and until it is satisfied that a valid arbitration agreement exists") (quotations and citations omitted). Such a result does not makes sense, especially in light of the policy concerns that underlie the Federal Arbitration Act ("FAA")'s favoring of arbitration, including "provid[ing] a speedier and less costly method of dispute resolution than . . . litigation . . . ." *Belke*, 693 F.2d at 1025. And while federal courts prefer arbitration to litigation because it is faster and less expensive, federal courts are nonetheless obligated to conduct litigation in a manner that makes it as speedy and inexpensive as possible. FED. R. CIV. P. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). In determining what actions constitute waiver of the right to arbitration, this court must consider *both* the FAA's policy of saving time and money through arbitration *and* the Federal Rules of Civil Procedure's policy of resolving litigation as quickly and inexpensively as possible. To hold that a party's participation in time-saving and inexpensive litigation matters (such as parties' planning meetings or initial disclosures) constitutes a waiver of arbitration that would thwart Rule 1's mandate by causing serious additional delay and expense in litigation, especially in cases (such as this one) where there are several defendants.

The result in this case may be different if HSBC had filed substantive motions regarding the merits of Plaintiff's extensive and specific discovery. There is no dispute that HSBC has not filed a motion under Rule 12(b) or engaged in any discovery beyond complying with its obligations under the Federal Rules. HSBC objected to Plaintiff's noticing its deposition under Rules 30(b)(5) and (6), but these objections were resolved by a telephone conference with the court and resort to the protective order that had been negotiated by all the parties last year. The parties did expend some resources to brief the issues, but in light of *all the circumstances*, the time and expense of litigating

*one* discovery motion is insufficient to show that HSBC has acted inconsistently with its right to compel arbitration.

Furthermore, HSBC's decision not to request specific language in the report of the parties' planning meeting delineating that its participation was not a waiver of its right to compel arbitration is not dispositive of the issue.  The test is not whether HSBC has done *everything possible* to preserve its right to arbitrate.  Instead, the scales are tilted heavily in favor of sending cases to arbitration with "any doubts about waiver [being] resolved in favor of arbitration."  *Chrysler Fin. Corp. v. Murphy*, 1998 WL 34023394 *5 (N.D. Ala. Aug. 5, 1998) (citing *Driscoll v. Smith Barney, Harris, Upsham, and Co.*, 815 F.2d 655, 659 (11th Cir. 1987)).  The fact that HSBC reasserted the affirmative defense of arbitration in pleadings filed after the parties' planning meeting is sufficient to put Plaintiff on notice that HSBC still believed it had a potential arbitration right.  Also, it should be noted that Plaintiff has not explained his own seemingly inconsistent behavior when working with Defendants on the Rule 26 report–why he allowed Defendant Capital One, on the one hand, to participate in the meeting without an admission that such participation constituted a waiver and, on the other hand, argues that the very same level of participation by HSBC *is* a waiver.  To the extent Plaintiff asserts a distinction exists based on Capital One's recitation of non-waiver language, the court disagrees.

Accordingly, the court finds that Plaintiff has not carried his burden of showing that HSBC has acted inconsistently with its right to compel arbitration.  Instead of invoking the litigation process, HSBC's actions are more appropriately termed defensive compliance with the Rules of Civil Procedure while accommodating the other parties in this complex case.  Although this finding is

itself sufficient to grant HSBC's motion to compel, the court will examine the prejudice prong of the test in the interest of thoroughness.

  b. <u>Prejudice to Plaintiff</u>

Plaintiff argues that he has been prejudiced by HSBC's waiver of its right to compel arbitration. Specifically, he claims to have been prejudiced by the 16-month long delay of litigating his claims against HSBC. In light of Eleventh Circuit caselaw, this reason is not persuasive.

In analyzing whether a party has been prejudiced, the court considers "the length of delay in demanding arbitration *and* the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514 (emphasis added). Specifically, courts have found prejudice where "the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). Against that heavy burden, the court finds that Plaintiff has not produced sufficient evidence that he has suffered prejudice by HSBC's delay.

Plaintiff's prejudice argument boils down to two assertions: (1) the scheduling of his deposition was delayed, and (2) he will have to begin his case again in arbitration and incur expenses and further delays in selecting an arbitrator and preparing for the arbitration hearing. Neither argument is persuasive. First, the discovery period in this case has not closed and there is still ample time for depositions, including that of Plaintiff. Second, as the court has already indicated, the mere fact of delay is not enough, in itself, to establish prejudice.

To show prejudice, a party must show that his opponent's delay in demanding arbitration resulted in some concrete injury or damage to his legal rights or claims. *See* Definition of *Prejudice,*

*n*, I.1.a., THE OXFORD ENGLISH DICTIONARY (2d. ed. 1989) ("Injury, detriment, or damage, caused to a person by judgement [*sic*] *or* action in which his rights are disregarded; resulting injury; hence, injury to a person or thing likely to be the consequence of some action"). Plaintiff has made claims against several other Defendants in this action, and he has not shown that he has expended time and money *specifically litigating* his claims against HSBC. Nor has he shown any evidence that HSBC's failure to move to compel arbitration as a defense has caused him to expend extra time or resources pursuing his claims against HSBC specifically. That Plaintiff has spent any money litigating this case is not in and of itself significant because he brought suit against a number of Defendants with whom he would still be litigating even if HSBC had moved to compel arbitration one year ago. Consequently, the court is left to conclude that Plaintiff cannot show specific costs attributable to HSBC's delay because Plaintiff simply has not incurred those expenses. Indeed, such a conclusion is reasonable here because Plaintiff has not taken HSBC's deposition, received any discovery requests or responses from HSBC beyond initial disclosures, nor responded to any motions to dismiss or motions for summary judgment from HSBC.[5] Moreover, the arbitration expenses of which Plaintiff complains at least in part – the costs of arbitration itself – are not costs that arbitration was designed to alleviate.

Moreover, to the extent Plaintiff has invested specific time or resources toward litigating his claims against HSBC, Plaintiff's work prepares him for a hearing before an arbitrator just as much

---

[5]Plaintiff also argues that the fact that HSBC joined in joint motions to extend the discovery deadlines in this case caused prejudicial delay to Plaintiff. The court disagrees. Plaintiff was not prejudiced by HSBC's *agreement* to extend deadlines. On the contrary, the fact that Plaintiff jointly moved to extend deadlines suggests that HSBC's delay in filing its motion to compel arbitration is less prejudicial because the parties agreed to the extension. Plaintiff will not be heard to complain that he was prejudiced because HSBC chose not to fight with him regarding extensions of certain deadlines.

as it prepares him for trial in this court. The record before the court does not indicate that Plaintiff has undertaken any significant special expense in litigating against HSBC in this forum that he would have avoided had HSBC moved to compel arbitration sooner. That is, the costs incurred at this point in the case do not appear to fall into the class of costs that arbitration was designed to alleviate. *See E. C. Ernst, Inc. v. Manhattan Const. Co. of Texas*, 559 F.2d 268, 269 (5th Cir.1977) (finding that arbitration avoids the costs of trial); *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966) (finding that a defendant caused a plaintiff to incur expenses beyond those contemplated by arbitration where defendant filed a motion to transfer venue, asserted a counterclaim, took depositions, and sought the production of documents). Again, had HSBC filed motions that involved extensive briefing, asserted counterclaims, or had the case proceeded to pre-trial or trial before HSBC filed a motion to compel arbitration, the prejudice analysis would be different. However, on this record, the court concludes that Plaintiff has failed to show evidence that he was prejudiced by HSBC's delay in filing the motion currently before the court.

**III.    Conclusion**

Because Plaintiff has failed to carry his burden of proving both that HSBC acted inconsistently with its right to compel arbitration and that Plaintiff suffered prejudice as a result, the court finds that HSBC had not waived its right to compel arbitration. Accordingly, HSBC's motion is due to be granted and Plaintiff's claims against HSBC are due to be dismissed without prejudice.

**DONE** and **ORDERED** this      25th      day of April, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

11